**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**FRANK STEINHERR,**

                                  **Plaintiff,**

   vs.                                                                           **1:10-CV-0891**
                                                                                          **(MAD)**

**CSX TRANSPORTATION, INC.,**

                                  **Defendant.**
_____

APPEARANCES:                               OF COUNSEL:

OFFICE OF MICHAEL FLYNN, PC        Marc T. Witzke, Esq.
1205 Franklin Avenue
Suite 250
Garden City, New York 11530
*Attorneys for Plaintiff*

ECKERT SEAMANS                        Thomas M. Smith, Esq.
10 Bank Street
Suite 1061
White Plains, New York 10606
*Attorneys for Defendant*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

      The trial of this action is scheduled to commence on December 12, 2011. Presently before the Court are the parties' motions *in limine*. Plaintiff seeks an order precluding defendant from offering evidence that plaintiff is receiving disability benefits from the Railroad Retirement Board ("RRB") and for an order precluding defendant from introducing plaintiff's disciplinary records. (Dkt. No. 49). Defendant seeks an order from the Court permitting defendant to introduce the RRB evidence. (Dkt. No. 37). Defendant also moves: (1) to preclude plaintiff from offering expert witness testimony due to an untimely and improper expert disclosure; (2) to limit

plaintiff's evidence of injuries to those injuries described in plaintiff's answer to defendant's interrogatories; (3) to limit plaintiff's loss of earnings claim to 2008 through 2012; (4) for an order allowing defendant to offer plaintiff's forms, submitted to the RRB, wherein plaintiff described his physical conditions and limitations; and (5) for an order permitting defendant to introduce evidence of plaintiff's failure to follow safety rules. (Dkt. Nos. 38 and 53).

### DISCUSSION

The purpose of a motion in *limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. U.S.*, 469 U.S. 38, 40 n. 2 (1984); *see also Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996) ("[t]he purpose of an *in limine* motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial'".)  "A motion *in limine* to preclude evidence asks the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Blazina v. Port Auth. of New York and New Jersey*, 2008 WL 4539484, at *1 (S.D.N.Y. 2008).  As the disputes regarding the admissibility of evidence are made outside the context of the trial, the Court's rulings on the motions *in limine* are, "subject to change when the case unfolds, particularly if the actual testimony differs from what was expected". *Levitant v. City of New York Human Res. Admin.*, 2011 WL 795050, at *1 (E.D.N.Y. 2011) (quoting *Luce*, 469 U.S. at 41 ("[o]wing to its preliminary nature, an in limine ruling, 'is subject to change when the case unfolds'".)

The Court addresses the parties' multiple requests for relief *seriatim*.

**I.      RRB Benefits**

Plaintiff argues that based upon the Supreme Court decision in *Eichel v. New York Cent. R.R. Co.*, 375 U.S. 253 (1963), defendant should be barred from making any reference to the fact that plaintiff received collateral income in the form of disability benefits from the RRB. Defendant, "recogniz[es] that some courts have erroneously deemed such evidence inadmissible" but argues that *Eichel* did not create a "*per se* exclusion of collateral source evidence" and claims that here, plaintiff's receipt of benefits gave plaintiff an incentive and the financial means to malinger.  Therefore, defendant argues that the evidence is relevant and admissible under Fed. R. Evid. 403 subject to a limiting instruction.[1]

In *Eichel*, the defendant offered evidence that the plaintiff received $190 a month in disability pension payments under the Railroad Retirement Act of 1937 for the purpose of impeaching the testimony of petitioner as to his motive for not returning to work and as to the permanency of his injuries. *Id*. at 254.  The trial court excluded the evidence.[2]   The Second Circuit reversed the trial court, finding that it was prejudicial error to exclude the evidence.  *Id*. The Supreme Court reversed the judgment of the Second Circuit and held that evidence of a disability pension in an FELA case was inadmissible in regard to the plaintiff's extent or duration of injury or to show that the plaintiff was not motivated to return to work.  *Id.* at 255.  The Court held, "[i]nsofar as the evidence bears on the issue of malingering, there will generally be other evidence having more probative value and involving less likelihood of prejudice than the receipt of a disability pension." *Eichel*, 375 U.S. at 255.

---

[1]  While defendant's motion indicates that a proposed limiting instruction was annexed as Exhibit "1". Defendant did not annex any exhibits to the motion.

[2] The case was tried in the District Court for the Southern District of New York.

3

Defendant's argument is not a novel one. When faced with an analogous argument, the majority of Circuit and District Courts have applied the *Eichel* doctrine and precluded the admission of collateral benefits. *Sheehy v. S. Pac. Transp. Co.*, 631 F.2d 649 (9th Cir. 1980); *Finley v. Nat'l R.R. Passenger Corp.*, 1 F.Supp.2d 440, 443 (E.D. Penn. 1998) (the court is not permitted to balance the prejudicial effect against the probative value pursuant to Fed. R. Evid 403 because the receipt of pension benefits is prejudicial as a matter of law); *Edsall v. CSX Transp., Inc*., 2008 WL 244344, at *2 (N.D. Ind. 2008) (the court precluded the defendant from introducing evidence of RRB benefits based upon Fed. R. Evid. 403); *Davis v. CSX Transp., Inc*., 2008 WL 2117151, at *2 (E.D. Tenn. 2008); *Prater v. Consol. Rail Corp*., 272 F.Supp.2d 706, 716 (N.D.Ohio 2003).

In support of the motion, defendant cites to two cases. In *McGrath v. Consol. Rail Corp.*, 176 F.3d 838, 841 (1st Cir. 1998), the defendant moved, *in limine*, to admit the evidence on the issue of the plaintiff's credibility and the plaintiff's lack of motivation to return to work. The trial court allowed evidence of plaintiff's disability pension payments but, on several occasions, issued cautionary instructions to the jury to consider the evidence only on the issue of malingering. *Id*. at 841. The First Circuit held that the trial judge did not abuse his discretion and properly received the evidence subject to Rule 403 balancing. *Id*. at 841. While the plaintiff argued that *Eichel* precluded such evidence, regardless of the curative instructions, the Court disagreed, noting that, "[w]e do not read Eichel as requiring the *per se* exclusion of collateral source evidence in FELA cases". *Id*. at 841. The Court concluded, "[i]f there is little likelihood of prejudice and no strong potential for improper use, and a careful qualifying instruction is given, the receipt of the compensation benefits may be admissible for the limited purpose of proving another matter". *McGrath*, 136 F.3d at 841.

4

In *Valentine v. CSX Transp., Inc.*, 2011 WL 2066705, at*2 (S.D. Ind. 2011), another case cited by defendant, the court noted that while evidence of collateral source benefits is "generally inadmissible", the determination must be made based upon the facts of each case. The court noted that the plaintiff, "does not dispute that he receives more money from disability payments than he does from work" and one of the defendant's claims at trial was that the plaintiff was feigning permanency to avoid work. *Id*. The court denied the plaintiff's motion in limine to exclude such evidence and held, "[d]epending on how events unfold at trial, evidence of collateral source benefits may be relevant to whether plaintiff has a motive for not returning to work and to case doubt on the permanency of plaintiff's injuries". *Id*.

Still, other courts, adhering to the Rule 403 balancing test, have declined to follow the *McGrath* holding. *Schipper v. BNSF Ry. Co.*, 2009 WL 997149, at *2 (D. Kan. 2009) (the defense counsel conceded that nothing in the record suggested that the plaintiff malingered); *see also Falconer v. Penn Mar., Inc.,* 396 F.Supp.2d 62, 67 (D. Maine 2005) (the defendant was free to introduce evidence that the plaintiff was educated, an excellent candidate for vocational retraining, and that he is not disabled but could not introduce evidence that he was receiving SSDI benefits as it would "unnecessarily complicate the trial with complex issues and lead to juror confusion"). In *Mills v. Energy Transp. Corp.*, 29 F. App'x 744, 745 (2d Cir. 2002), the Second Circuit cited to the *McGrath* decision and held that, "*Eichel* does not establish an absolute bar against the admission of such evidence for purposes other than mitigation of damages".

When presented with similar motions *in limine*, courts in this Circuit have held that, "the presentation of such evidence before the jury is not allowed, although 'such evidence may be admissible if the plaintiff puts his financial status at issue'". *Ebert v. City of New York*, 2006 WL 3627103, at *4 (S.D.N.Y. 2006) (citing *Santa Maria v. Metro-North Commuter R.R.*, 81 F.3d 265,

5

273 (2d Cir. 1996)).  Accordingly, at this juncture, plaintiff's motion *in limine* to preclude the admissibility of evidence relating to RRB benefits is granted.  However, this ruling is subject to reconsideration based upon the evidence at trial.  *See Falconer*, 397 F.Supp.2d at 67 (if the plaintiff "opens the door" by placing his financial status at issue, the probative value is not outweighed by the danger of unfair prejudice).

**II.     Disciplinary Records**

Rule 404 provides that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion," Fed. R. Evid. 404(a), and that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," Fed. R. Evid. 404(b).  Rule 404(b) does, however, provide that other crimes, wrongs, or acts "may . . . be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id*.  In determining whether to admit evidence under Rule 404(b), the Second Circuit follows an "inclusionary rule, allowing the admission of such evidence for any purpose other than to show . . . propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403." *U.S. v. Inserra*, 34 F.3d 83, 89 (2d Cir.1994).

Here, the Court has no information regarding plaintiff's alleged disciplinary history or specifically, what evidence plaintiff seeks to preclude.  In defendant's response to plaintiff's motion and in their own request for relief, defendant claims that the information involves plaintiff's failure to follow safety rules on various occasions during his work history.  Defendant argues that if plaintiff "opens the doors" and presents evidence of his favorable work history

6

pertaining to safety rules, defendant should be permitted to introduce evidence regarding plaintiff's failure to follow such rules.  At this time, outside of the context of trial, the Court is constrained to rule on the admissibility of the information and reserves decision until the time of trial.

**III.     Expert Witnesses**

Pursuant to the Uniform Pretrial Scheduling Order, plaintiff's expert disclosure was due 90 days prior to the discovery deadline which was originally August 1, 2011.  On July 21, 2011, the deadline was extended to October 15, 2011.  On November 7, 2011, defendant's counsel received plaintiff's Rule 256(a)(2)(C) disclosure.  On November 10, 2001, defense counsel rejected the disclosure.  On December 2, 2011, during the pretrial conference, plaintiff's counsel advised that he would not be calling Dr. Michael Martin Cohen or Dr. Roy Lefkoe at the trial of this action.  Accordingly, the Court considers this motion as it relates to the remaining proposed expert witnesses: Dr. Joseph Lalka and Dr. Jacqueline Maier.

Local Rule 26.3 provides:

> Production of Expert Witness Information
>
> There shall be binding disclosure of the identity of expert witnesses. The parties shall make such disclosure, including a curriculum vitae and, unless waived by the other parties, service of the expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B), before the completion of discovery in accordance with the deadlines contained in the Uniform Pretrial Scheduling Order or any other Court order. Failure to comply with these deadlines may result in the imposition of sanctions, including the preclusion of testimony, pursuant to Fed. R. Civ. P. 16(f). If a party expects to call a treating physician as a witness, the party must identify the treating physician in accordance with the timetable provided in the Uniform Pretrial Scheduling Order or other Court order.

N.Y.N.D.L.R. 26.3.

7

In this matter, plaintiff has failed to comply with the applicable Local Rule or with the Uniform Pretrial Scheduling Order.  However, plaintiff asserts that defense counsel has received the doctors' records.  Accordingly, the Court will allow plaintiff's witnesses to testify.  However, the Court refrains from ruling as to extent of their testimony, including any opinions on causation or plaintiff's prognosis until the time of trial.  Accordingly, defendant's motion in this regard is DENIED without prejudice and may be renewed at trial.

**IV.     Limits on Plaintiff's Evidence**

Defendant seeks to limit plaintiff to introducing evidence regarding a lost wage claim from 2008 through 2012.  Plaintiff concedes this issue.  Defendant also seeks to limit plaintiff's evidence regarding his injuries to those delineated in the Answers to Interrogatories.  Plaintiff responds that the injuries claimed "are precisely the injuries to be placed before the jury".  To the extent that there is any further dispute on this issue, the Court declines to determine any evidentiary issues that may arise under Rule 403 outside the context of the trial.  Defendant's motion in this regard is DENIED without prejudice and may be renewed at trial.

**V.      Admissibility of RRB Records**

Defendant seeks to introduce plaintiff's medical forms submitted in connection with his RRB Benefits.  Specifically, defendant seeks to introduce evidence that plaintiff suffers from sleep apnea.  The Court has not been provided with copies of the proposed submission. Accordingly, assuming the parties cannot consent to redact the appropriate documents, the Court will reserve on this issue.  However, consistent with the Court's ruling above, defendant is

precluded from introducing any evidence relating to plaintiff's receipt of RRB benefits. Defendant's motion in this regard is DENIED without prejudice and may be renewed at trial.

## CONCLUSION

It is hereby

**ORDERED**, that plaintiff's motion *in limine* (Dkt. No. 49) to preclude defendant from offering any evidence relating to plaintiff's receipt of RRB benefits is **GRANTED**; it is further

**ORDERED**, that plaintiff's motion *in limine* (Dkt. No. 49) to preclude defendant from offering evidence of plaintiff's disciplinary records is **DENIED** with leave to renew, it is further

**ORDERED**, that defendant's motion *in limine* (Dkt. No. 53) for an order permitting defendant to introduce evidence of plaintiff's failure to follow safety rules is **DENIED** with leave to renew, it is further

**ORDERED**, that defendant's motion *in limine* (Dkt. No. 37) for an order permitting defendant to introduce evidence that plaintiff is receiving disability benefits is **DENIED,** it is further

**ORDERED**, that defendant's motion *in limine* (Dkt. No. 38) for an order precluding plaintiff from offering expert testimony from Dr. Joseph Lalka and Dr. Jacqueline Maier is **DENIED** with leave to renew**,** it is further

**ORDERED**, that defendant's motion *in limine* (Dkt. No. 38) for an order precluding plaintiff from offering evidence of injuries not listed in plaintiff's Answer to Interrogatories is **DENIED** with leave to renew**,** it is further

**ORDERED**, that defendant's motion *in limine* (Dkt. No. 38) for an order limiting plaintiff's lost wage claim from 2008 through 2012 is **DENIED** as moot**,** it is further

**ORDERED**, that defendant's motion *in limine* (Dkt. No. 38) for an order permitting defendant to introduce plaintiff's forms submitted to the RRB is **DENIED** with leave to renew.

**IT IS SO ORDERED.**

Dated: December 8, 2011
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge